RECEIPT # 76058
AMOUNT $ 350.00
SUMMONS ISSUED Y
LOCAL RULE 4.1 -
WAIVER FORM -
MCF ISSUED -
BY DPTY. CLK. [illegible]
DATE 10/30/2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERKS OFFICE
2006 OCT 30 P 4:03
U.S. DISTRICT COURT DISTRICT OF MASS.

EATON VANCE MANAGEMENT,

Plaintiff,

v.

GRANT'S FINANCIAL PUBLISHING, INC.

Defendant.

Civil Action No. 06 CA 11987 RCL

MAGISTRATE JUDGE [illegible]

**COMPLAINT AND DEMAND FOR JURY TRIAL**

For its Complaint, Plaintiff Eaton Vance Management ("Eaton Vance") alleges as follows:

1. Eaton Vance Management is a Massachusetts business trust created and existing under the laws of The Commonwealth of Massachusetts with its principal place of business at 255 State Street, Boston, Massachusetts. Eaton Vance is in the business of investment management and is a registered investment advisor.

2. Upon information and belief, Defendant Grant's Financial Publishing, Inc. ("Grant's") is a corporation organized and existing under the laws of the state of New York with its principal place of business at 2 Wall Street, New York, New York.

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1332 and 1367.

4. Grant's is subject to personal jurisdiction in this forum. Venue is proper in this Court under 28 U.S.C. § 1391.

**BACKGROUND**

5. Eaton Vance owns and operates Eaton Vance Trust Company, a limited purpose trust corporation organized and existing under the laws of the State of Maine. Eaton Vance Trust Company acts as a custodian of certain client accounts, as well as, a trustee of collective investment trusts and accordingly holds clients' funds in trust. Eaton Vance coextensively operates Eaton Vance Trust Company, including but not limited to operations using the same computer network.

6. Eaton Vance owns and operates computers at its principal place of business in Massachusetts, which computers are connected to the computer network used by Eaton Vance and Eaton Vance Trust Company.

7. Grant's publishes a semi-monthly financial newsletter titled "Grant's Interest Rate Observer."

8. Eaton Vance had at least three subscriptions to Grant's Interest Rate Observer through its employees.

9. Grant's provides issues of Grant's Interest Rate Observer to subscribers in a PDF electronic format over the Internet from its website, www.grantspub.com.

10. To obtain issues of Grant's Interest Rate Observer from the website, a subscriber must first install Grant's "security plug in" software that works with the subscriber's Adobe Acrobat Reader. The security plug in software is downloaded onto the subscriber's computer from Grant's website over the Internet.

11. Grant's provides subscriptions to Grant's Interest Rate Observer pursuant to a subscription agreement and under specified terms of use. The terms and conditions associated with the subscription to Grant's Interest Rate Observer indicate that Grant's installs software on

the subscriber's computer to enable Grant's to monitor the subscriber's compliance with the terms of use.

12. Grant's informs its subscribers that the security plug in software will allow subscribers to open issues of Grant's Interest Rate Observer in PDF format. Grant's further informs its subscribers that the plug in software can only be installed on one computer and that the subscribers will not be able to forward the issue to open it on another computer or log in from another location to download a PDF.

13. None of the terms and conditions associated with the subscription to Grant's Interest Rate Observer indicate that the software installed on the subscriber's computer will transmit information residing on the subscriber's computer back to Grant's.

14. In connection with its subscription to Grant's Interest Rate Observer, Eaton Vance downloaded the security plug in software from Grant's website onto its computers and has obtained issues of Grant's Interest Rate Observer electronically from Grant's website using its computers.

15. Eaton Vance did not know, and Grant's did not expressly inform Eaton Vance, that the security plug in software would send information from Eaton Vance's computers back to Grant's, and accordingly Eaton Vance did not consent and would not have consented to such action if it had been informed of such.

16. Upon information and belief, Grant's has obtained information from Eaton Vance's computers, including but not limited to information about documents downloaded and accessed by the computers, each computer's specific network identifier, and printing instructions generated by such computers. Eaton Vance learned that Grant's has obtained information from Eaton Vance's computers within the preceding one-year period.

17. Upon information and belief, the information Grant's obtained from Eaton Vance's computers was obtained using the security plug in software downloaded from Grant's website, which transmitted the information from Eaton Vance's computers through Eaton Vance's computer network and security measures to Grant's without Eaton Vance's consent or knowledge.

18. Grant's has used information obtained from Eaton Vance's computers to attempt to state a claim for copyright infringement against Eaton Vance with respect to various issues of Grant's Interest Rate Observer, which Eaton Vance believes to be inaccurate and wrongfully obtained.

19. Grant's cannot substantiate its claim for copyright infringement against Eaton Vance. Nevertheless, Eaton Vance has been damaged by incurring expenses investigating Grant's unauthorized access and intrusion to its computers and defending against Grant's claim.

**COUNT I: COMPUTER FRAUD AND ABUSE ACT**

20. Eaton Vance realleges and incorporates by reference the allegations of paragraphs 1-19.

21. This Count is an action under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030.

22. The CFAA provides a cause of action against anyone who "intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains . . . information from any protected computer if the conduct involved an interstate or foreign communication."

23. 18 U.S.C. § 1030(g) provides that "[a]ny person who suffers damages or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."

24. Eaton Vance's computers are used in interstate commerce and are "protected computers" within the meaning of the CFAA.

25. Grant's intentionally accessed without authorization, or exceeded its authorized access to Eaton Vance's computers when it obtained information from Eaton Vance's computers using the security plug in software.

26. Eaton Vance has had to expend considerable sums, in excess of $5,000, to investigate the extent of damage, if any, to its computers, as a result of Grant's unauthorized access and intrusion to its computers. Eaton Vance has sustained loss and damages aggregating at least $5,000 in value in the previous one-year period as a result of Grant's conduct as alleged herein.

27. As a result of Grant's conduct, Grant has made an unsubstantiated claim of copyright infringement against Eaton Vance with respect to various issues of Grant's Interest Rate Observer, and Grant has incurred substantial expense in responding to said claim.

28. Grant's conduct constitutes a threat to public safety, namely by its surreptitious ability to obtain clandestinely information from the computers of its subscribers who have downloaded the security plug in software. This threat is particularly acute with respect to Eaton Vance, which is an investment management firm and is operated coextensively with a trust company which holds and maintains client funds.

29. As a result of Grant's conduct, Eaton Vance has been damaged, and is entitled to an award of damages in excess of $75,000, exclusive of interest and costs, which amount will be proved at trial.

## COUNT II: TRESPASS TO PERSONAL PROPERTY OR CHATTELS

30. Eaton Vance realleges and incorporates by reference the allegations of paragraphs 1-29.

31. This Count is an action for trespass to chattel arising from Grant's intermeddling with Eaton Vance's computers.

32. Eaton Vance was and is the owner of the computers on which Grant's security plug in software was downloaded.

33. Grant's intentionally and without consent, obtained information from Eaton Vance's computers.

34. Grant's intentionally intermeddled with and damaged Eaton Vance and its computers.

35. As a result of Grant's intermeddling with Eaton Vance's computers, Eaton Vance has been damaged, and is entitled to an award of damages in excess of $75,000, exclusive of interest and costs, which amount will be proved at trial.

## COUNT III: BREACH OF THE IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

36. Eaton Vance realleges and incorporates by reference the allegations of paragraphs 1-35.

37. This Count is an action for breach of the implied duty of good faith and fair dealing arising from Eaton Vance's subscription agreement with Grant's for Grant's Interest Rate Observer.

38. Grant's had a duty of good faith and fair dealing to Eaton Vance arising from the subscription agreement and its obligations thereunder.

39. Grant's conduct as set forth herein constitutes a breach of its duty of good faith and fair dealing to Eaton Vance.

40. As a result of Grant's breach of its duty of good faith and fair dealing, Eaton Vance has been damaged, and is entitled to an award of damages in excess of $75,000, exclusive of interest and costs, which amount will be proved at trial.

**COUNT IV: UNFAIR AND DECEPTIVE ACTS AND PRACTICES**

41. Eaton Vance realleges and incorporates by reference the allegations of paragraphs 1-40.

42. This Count is an action under Section 93A of the General Laws of The Commonwealth of Massachusetts.

43. Grant's conduct as alleged herein constitutes unfair and deceptive acts and practices within the Commonwealth of Massachusetts, in violation of Sections 2 and 11 of Chapter 93A of the General Laws of the Commonwealth of Massachusetts. Grant's violation of Section 2 was knowing and willful.

44. As a result of the unfair and deceptive acts and practices, Eaton Vance has been damaged, and is entitled to an award of damages in excess of $75,000, exclusive of interest and costs, which amount will be proved at trial.

WHEREFORE, Plaintiff Eaton Vance prays that this Court:

A. Declare that Grant's improperly and wrongfully obtained information from Eaton Vance's computers;

B. Enjoin Grant's from accessing or obtaining further information from Eaton Vance's computers;

C. Award Eaton Vance damages due to Grant's having obtained information from Eaton Vance's computers;

D. Increase the damages award for unfair and deceptive acts and practices by a factor of three pursuant to Mass. Gen. Laws ch. 93A § 11;

E. Award Eaton Vance its costs in this action, together with reasonable attorneys' fees and pre-judgment and post-judgment interest;

F. Grant Eaton Vance such other and further relief as it deems just and proper.

Plaintiff Eaton Vance Management demands a trial by jury.

By its attorneys,

*/s/ Jeffrey L. Snow*
Jeffrey L. Snow (BBO # 566388)
Christopher Centurelli (BBO # 640974)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
State Street Financial Center
One Lincoln Street
Boston, Massachusetts 02111-2950
(617) 261-3100

Charles L. Eisen (of counsel)
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
1601 K Street, N.W.
Washington, D.C. 20006
(202) 778-9000

*Counsel for Plaintiff Eaton Vance Management*